IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILHY HARPO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-039 |
| | ) | |
| RONALD STRENGTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

The above-captioned case is before the Court on two sets of filings by Plaintiff written in response to the Magistrate Judge's May 4, 2012 Report and Recommendation ("R&R") (doc. no. 6): first, although the deadline for filing objections was May 21, 2012 (see doc. no. 7, p. 1), the Clerk of Court received Plaintiff's "Motion for an Extension of Time to File Objections to Magistrate Report and Recommendation" on May 23, 2012 (doc. no. 9). The Court notes, however, that the motion is dated and postmarked from Atlanta on May 18, 2012. (Id. at 2-3.) Next, on May 24, 2012, the Clerk received Plaintiff's objections, which are dated May 21, 2012. (Doc. no. 10.) Although both Plaintiff's motion and objections were untimely received, in light of the postmark date on Plaintiff's objections, and in an abundance of caution, the Court **GRANTS** Plaintiff's motion for an extension and will consider his objections.

**I.  DISCUSSION**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 10). The Magistrate Judge recommended in the R&R that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. (Doc. no. 6.) In particular, the Magistrate Judge found that Plaintiff had failed to state a claim for discrimination under 42 U.S.C. §§ 1981 or 1982 because, among other reasons, Plaintiff's pleadings were "completely devoid of any allegations suggesting that any Defendant intended to discriminate against him on the basis of race," which is a necessary element to state a claim of racial discrimination under either § 1981 or § 1982. (Id. at 7-8.) The Magistrate Judge also found that because all the allegations in Plaintiff's complaint, which was filed on March 23, 2012, concerned events that occurred on or before November 19, 2009, Plaintiff's § 1983 claims were therefore barred by the two-year statute of limitations applicable to § 1983 claims brought in the state of Georgia. (Id. at 8-9 (citing Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001)).) In reaching this conclusion, the Magistrate Judge specifically noted that a similar suit Plaintiff filed, Harpo v. Strength, CV 111-189 (S.D. Ga. Nov. 21, 2011) (hereinafter ("CV 111-189"), did not serve to toll the statute of limitations because service was never perfected on Defendants in that case.[1] (Doc. no. 6, pp. 9-10 n.4 (citing Geary v. City of Snellville, 205 F. App'x 761, 762-63 (11th Cir. 2006) (*per curiam*)).)

---

[1]The Court notes that CV 111-189 was dismissed without prejudice based on Plaintiff's failure to provide the Court with an address where he could be reached. CV 111-189, doc. no. 12. The Magistrate Judge further found that another of Plaintiff's prior cases that raised similar claims, Brown v. Sheriff of Richmond County, CV 109-144 (S.D. Ga. Nov. 20, 2009) (hereinafter "CV 109-144"), similarly did not serve to equitably toll the two-year statute of limitations: because CV 109-144 was dismissed for Plaintiff's failure to cooperate in discovery and comply with Court Orders, Plaintiff's "fail[ure] to act diligently" bars him from "invok[ing] equitable principles to excuse that lack of diligence." (Doc. no. 6, pp. 9-10 n.4 (quoting Justice v. United States, 6 F.3d 1474, 1480 (11th Cir. 1983)).)

2

### A. The Magistrate Judge Did Not Exceed His Authority in Screening Plaintiff's Complaint

In his objections to the R&R, Plaintiff contends that all the actions taken by the Magistrate Judge in this case are invalid because, lacking Plaintiff's consent or a proper referral by this Court, the Magistrate Judge is not authorized to adjudicate matters in this case. (Doc. no. 10, p. 17.) Notably, the Court has rejected similar arguments Plaintiff has raised in his objections to other of the Magistrate Judge's R&Rs. See Brown, CV 109-144, doc. no. 65, pp. 2-3. As before, the Court finds this objection to be without merit.

As the Court previously explained, id., in accordance with this District's policy and the provisions of 28 U.S.C. § 636(b)(1), the Court refers several pre-trial matters to the Magistrate Judge. The Court finds that the decisions rendered by the Magistrate Judge in this case have been pursuant to a valid referral and that the Magistrate Judge has not exceeded his authority by improperly addressing any matter in this case. See 28 U.S.C. §§ 636(b)(1)(A) & (B) (authorizing district courts to designate a magistrate judge to hear pretrial matters and, depending on the nature of the matter, to issue either a determination or proposed findings of fact accompanied by a recommendation for disposition); see also Fed. R. Civ. P. 72 (authorizing magistrate judges to decide nondispositive pretrial matters and to enter recommendations for the disposition of dispositive matters); Loc. R. 72. In particular, contrary to Plaintiff's assertions, the Magistrate Judge had authority to screen Plaintiff's complaint in an R&R without his consent. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Plaintiff's contention that the Magistrate Judge has exceeded his authority in this case is therefore without merit. Accordingly, this objection is **OVERRULED**.

B.  **Statute of Limitations**

1.  **Time-Barred Claims May Be Dismissed *Sua Sponte* Under § 1915**

The Court also rejects Plaintiff's argument that the Magistrate Judge improperly advocated on Defendants' behalf by dismissing his claims as time-barred. (Doc. no. 10, p. 18.) As the Magistrate Judge correctly explained, the Court is required to screen Plaintiff's complaint to determine whether his claims fail to state a claim upon which relief may be granted. (Doc. no. 6, p. 1 (citing 28 U.S.C. 1915(e)(2)(B); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*)).) Although the statute of limitations is generally an affirmative defense, which is waived if not raised, see Day v. Liberty Nat'l Life Ins. Co., 122 F.3d 1012, 1015 (11th Cir. 1997), the Court may raise this issue *sua sponte* when screening a complaint pursuant to § 1915(e). See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006) (finding that court's screening authority "justifies an exception to the general rule that a statue of limitations defense should not be raised and considered sua sponte."); McKenzie v. United States Dep't of Justice, 143 F. App'x 165, 167-68 (11th Cir. 2005) (explaining that expiration of the statute of limitations warrants dismissal of complaint at screening stage); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (*per curiam*) ("a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed" in the Court's screening of the complaint under § 1915). Thus, the Magistrate Judge properly screened out Plaintiff's claims that are barred under the applicable statute of limitations.

In short, this objection provides no basis for departing from the Magistrate Judge's reasoning in the R&R, and it is therefore **OVERRULED.**

### 2. The Magistrate Judge Properly Found that Plaintiff's Claims Are Time-Barred

Plaintiff next asserts that the Magistrate Judge erroneously found Plaintiff's claims to be time-barred under the applicable statute of limitations because the instant action is a "renewal" of CV 111-189, Plaintiff's most recent prior case. (Doc. no. 10, pp. 2, 16-17.) Plaintiff further contends that CV 111-189 tolled the statute of limitations period from November 21, 2011, the date CV 111-189 was filed, until the date Plaintiff filed the instant action on March 23, 2012. (Doc. no. 10, pp. 2, 16-17.) These arguments are unavailing. The Magistrate Judge correctly determined that CV 111-189 cannot serve to toll the statute of limitations because service was never effected on Defendants. (Doc. no. 6, pp. 9-10 n.4 (citing Geary, 205 F. App'x at 762-63.) Moreover, undermining Plaintiff's assertion that the instant case is a renewal of CV 111-189 is the fact that, along with a brand new complaint and brand new motion to proceed *in forma pauperis* in the instant case, Plaintiff submitted a notice indicating that he wished for the Clerk of Court to file his new complaint after first filing Plaintiff's notice of intent to dismiss CV 111-189 without prejudice. (See doc. no. 1-2); CV 111-189, doc. no. 15.

Plaintiff now contends, however, that on the same day he mailed his notice of intent to dismiss 111-189 without prejudice, he mailed a separate notice rescinding his intent to dismiss that case, yet this notice was somehow never filed. (Doc. no. 10, pp. 4-5.) The Court finds Plaintiff's belated, self-serving argument unpersuasive, particularly because Plaintiff gave no indication that the instant case was opened in error or that it should be construed as a renewal of CV 111-189.

5

In short, CV 111-189 and the instant action are two separate cases. Moreover, as noted above, the Magistrate Judge correctly found that CV 111-189 does not equitably toll the two-year statute of limitations period for any of Plaintiff's § 1983 claims in the instant case. Thus, as the Magistrate Judge correctly concluded, because Plaintiff's complaint was filed four months after the expiration of the statute of limitations ran in November of 2011, all of Plaintiff's § 1983 claims are therefore time-barred. (Doc. no. 6, pp. 8-9.) Plaintiff's objections regarding the statute of limitations are without merit and are accordingly **OVERRULED**.

The Court also notes Plaintiff's assertion that he erroneously omitted allegations that Defendants engaged in the misconduct alleged in his complaint with the intent to discriminate against him on the basis of his race; Plaintiff thus requests leave to amend his complaint to present allegations to support his § 1981 and § 1982 racial discrimination claims. (Doc. no. 10, pp. 9-11.) The Court is mindful that *pro se* litigants, such as Plaintiff, must generally be given at least one chance to amend the complaint before the court dismisses the action "where a more carefully drafted complaint might state a claim." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (*per curiam*) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)). However, under Fed. R. Civ. P. 15(a), a request to amend is properly denied if the requested amendment would be futile. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Here, the Court finds it inappropriate to allow Plaintiff to amend his complaint as

6

requested because, even if Plaintiff presented allegations sufficient to meet the pleading requirements of §§ 1981 and 1982, these claims would also be time-barred. Notably, because actions brought pursuant to § 1982, like those brought pursuant to § 1983, are "best characterized as personal injury actions," Hall v. Burger King Corp., 912 F. Supp. 1509, 1535 n.61 (S.D. Fla. 1995) (citations omitted), Georgia law requires that such claims be brought within two years of their accrual. Id.; see Leal, 254 F.3d at 1279.

Furthermore, although the Court recognizes that 28 U.S.C. § 1658(a) provides a four-year statute of limitations for any claims "made possible by the 1991 amendment to § 1981," Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1337 (11th Cir. 2008), Georgia's two-year statute of limitations continues to apply for any claims made possible by the pre-1991 version of § 1981. See Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 377-83 (2004); see also Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (amending 42 U.S.C. § 1981) (1991). In this regard, the Supreme Court has explained that because the 1991 amendment to § 1981 "enlarged the category of conduct that is subject to § 1981 liability" to include discrimination in the context of making and enforcing employment contracts, claims of employment discrimination are therefore subject to the four-year statute of limitations provided by 28 U.S.C. § 1658(a). Jones, 541 U.S. at 383; accord Baker, 531 F.3d at 1337-39. Here, Plaintiff has not complained of discrimination in the context of making and enforcing employment contracts, and thus the four-year statute of limitations does not apply to his proposed claims under § 1981, which are instead subject to Georgia's two-year statute of limitations. See Jones, 541 U.S. at 383.

As the Magistrate Judge correctly concluded, "Plaintiff knew or should have known

7

of the injuries alleged in his complaint, as well as who injured him, when the injuries occurred in 2008 and 2009." (Doc. no. 6, p. 9.) Plaintiff did not file the instant case until March 23, 2012 – well over two years after even the most recent of the conduct alleged. (Doc. no. 1.) Thus, Plaintiff's proposed claims under §§ 1981 or 1982 – that Defendants engaged in the conduct alleged in his complaint with an intent to discriminate against him on the basis of his race – would be time-barred for the reasons correctly set forth in the R&R. As it would be futile to permit Plaintiff to amend his complaint to assert time-barred claims, the Court therefore does not find it appropriate to grant Plaintiff's request to amend. See Coventry First, LLC, 605 F.3d at 870.

Further, as Plaintiff's remaining objections likewise do not provide a basis for departing from the conclusions reached in the R&R, these objections are also **OVERRULED**.

II. **CONCLUSION**

For the reasons set forth above, Plaintiff's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action is **CLOSED**.

SO ORDERED this 19th day of June, 2012, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA